# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| RONALD CRODDICK, | \* | |
| | \* | |
| | \* | No. 23-558V |
| Petitioner, | \* | Special Master Christian J. Moran |
| | \* | |
| v. | \* | Filed: April 22, 2026 |
| | \* | |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>Koby Jack Kirkland</u>, Law Office of Koby Kirkland, LLC, Mobile, AL for petitioner;
<u>Julianna Rose Kober</u>, United States Dep't of Justice, Washington, DC, for respondent.

### <u>UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS</u>[1]

Pending before the Court is petitioner Ronald Croddick's motion for final attorneys' fees and costs. He is awarded **43,883.35**.

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

## I.    <u>Procedural History</u>

Mr. Ronald Croddick ("petitioner") alleged the influenza ("flu") vaccine he received on September 22, 2021, caused Mr. Croddick to suffer from a Table injury of Guillain-Barré Syndrome ("GBS"), or in the alternative that the flu vaccine caused him to develop GBS, or caused an aggravation of preexisting demyelinating symptoms. Petition ("Pet."), filed April 20, 2023. On April 3, 2025, the parties filed a joint stipulation which the undersigned adopted as his decision on April 3, 2025. 2025 WL 1256731.

On May 16, 2025, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). The petitioner requests attorneys' fees of $47,903.27 and attorneys' costs of $1,033.17, for a total request of $48,936.44. Fees App. at 1. Petitioner warrants that he personally did not incur any costs related to the prosecution of this case. On May 30, 2025, respondent responded to petitioner's motion with his boilerplate response. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id. at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 4. Petitioner did not file a reply.

## II.    <u>Reasonable Amount of Attorneys' Fees and Costs</u>

Because petitioner received compensation, he is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. <u>Avera v. Sec'y of Health & Human Servs.</u>, 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting <u>Blum v. Stenson</u>, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

### 1.    Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests $385.00 per hour for all work performed by his counsel, Mr. Koby Kirkland, from 2022-2025. Petitioner also requests $194.50 per hour for all paralegal work performed in this case from 2022-2025. Some of these rates require adjustment.

Attorneys' fees have been awarded for Mr. Kirkland's time billed in 2022 at an hourly rate of $340.00 per hour. See Thaxton v. Sec'y of Health & Human Servs., No. 20-1510V, 2023 WL 5628170 (Fed. Cl. Spec. Mstr. July 31, 2023). Additionally, for 2022 and 2023, Petitioner requests paralegal rates that exceed the OSM Forum Hourly Rate Fee Schedule.[2] The undersigned will apply Mr. Kirkland's previously awarded rate for the time he billed in 2022. Application of this rate results in a reduction of **$136.50**.[3] The undersigned will award the highest paralegal rate available for paralegal time billed in 2022 ($177.00) and 2023 ($186.00). This results in a reduction of **$155.46**.[4]

Petitioner's requested rate of $385.00 per hour for work performed by Mr. Kirkland from 2023-2025, as well as $194.50 per hour for paralegal performed from 2024-2025, are reasonable and shall be awarded as requested.

---

[2] OSM Attorneys' Forum Hourly Rate Fee Schedules, https:// https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules (last visited April 16, 2026).

[3] Attorney Reduction: ($385 - $340) x 3.03 hrs. = $136.50.

[4] Paralegal Reduction: ($194.50 - $177) x 8.88 hrs. + ($194.50 - $177) x 8.88 hrs. = $223.93.

2.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable. Nevertheless, after reviewing the submitted billing statement, the undersigned finds that the overall hours spent on this matter requires reduction.

Petitioner's counsel billed for some administrative or clerical tasks. It is well known in the Vaccine Program that billing for some administrative tasks (e.g., filing), even at a paralegal rate, is not permitted. See, e.g., Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates"). Attorneys may not charge for clerical tasks because the attorney's hourly rate reflects overhead expenses, such as employing a secretary. Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989); Bennett v. Dep't of Navy, 699 F.2d 1140, 1145 n.5 (Fed. Cir. 1983); Guy v. Sec'y of Health & Human Servs., 38 Fed. Cl. 403, 407-08 (1997).

The dichotomy between paralegal activities (billable) and clerical activities (non-billable) is often announced. However, a general principle to differentiate them is somewhat elusive. To qualify as a paralegal, a person needs special training and experience. See Impresa Construzioni Geom. Demenico Garufi v. United States, 100 Fed. Cl. 750, 768 (2011); see also Pressly v. United States, No. 18-1964, 2025 WL 1780947, at *12 (Fed. Cl. May 12, 2025). Thus, one way to categorize whether activities can be billed is to ask whether the activity required special skills.

In this case, Mr. Kirkland, both at the paralegal and attorney rate, billed a significant amount of time for clerical activities. For example, faxing, mailing, and emailing documents, scanning, bates stamping, printing, and saving documents, reviewing and paying invoices, preparing evidence for filing, drafting and filing basic documents like a Notice of Filing or Exhibit List. See e.g., Ex. 25 at 1-25. However, these activities do not require any special training, and are thus considered clerical tasks. To be clear, there is no prohibition against performing clerical tasks; some clerical tasks, such as filing documents, are essential. However, the employment of the person who can perform clerical tasks is built into the attorneys' high hourly rate as part of overhead. See Pickens v. Sec'y of Health & Hum. Servs., No. 17-187V, 2020 WL 414442 at *4 (Fed. Cl. Jan. 9, 2020) (denying motion for review of a decision reducing attorneys' fees and

4

stating "legal training is not required to notify the Court that a document is being filed").

This is not the first time other special masters have noted these particular issues concerning Mr. Kirkland's billing practices. See, e.g., Cantwell v. Sec'y of Health & Human Servs., No. 17-0004V, 2018 WL 3991279, at *2 (Fed. Cl. Spec. Mstr. Apr. 11, 2018) (finding that Mr. Kirkland billed a total of 14.8 hours for time spent on tasks which were not reimbursable); Thaxton, 2023 WL 5628170, at *3 (counsel's overall fee award reduced ten percent, due, in part, to billing for administrative tasks); Robbins v. Sec'y of Health & Human Servs., No. 22-0675V, 2023 WL 5601680, at *2 (Fed. Cl. Spec. Mstr. July 24, 2023) (finding that Mr. Kirkland billed a total of 2.9 hours for time spent on tasks which were not reimbursable). Accordingly, the undersigned finds that a ten percent reduction to the attorneys' fees is necessary to achieve "rough justice." See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). This results in a further reduction of **$4,761.13**. Petitioner is therefore awarded final attorneys' fees of $42,850.18.

## B.    Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $1,033.17 in attorneys' costs. This amount is comprised of the Court's filing fee, acquiring medical records, and postage. See Exs. 26-27. These costs are typical of Vaccine Program litigation and have all been supported by the necessary documentation and are reasonable in the undersigned's experience. Petitioner is therefore awarded final attorneys' costs of $1,033.17.

## III.    Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards attorneys' fees and costs as follows: a lump sum of **$43,883.35** (representing $42,850.18 in attorneys' fees and $1,033.17 in attorneys' cost incurred costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[5]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.